**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

─────────

**No. 19-2256**

─────────

MICHAEL BILLINGSLEY,

      Plaintiff - Appellant,

   v.

FEDERAL HOME LOAN MORTGAGE CORPORATION,

      Defendant - Appellee.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:18-cv-00755-LO-IDD)

─────────

Submitted: May 27, 2021                  Decided: June 7, 2021

─────────

Before THACKER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

A.J Dhali, DHALI PLLC, Washington, D.C., for Appellant. Howard Lindenberg, Managing Associate General Counsel, Lisa Anne MacVittie, Associate General Counsel, FEDERAL HOME LOAN MORTGAGE CORPORATION, McLean, Virginia; Maureen R. Knight, CONSTANGY, BROOKS, SMITH & PROPHETE LLP, Fairfax, Virginia, for Appellees.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Billingsley filed suit against his former employer, Federal Home Loan Mortgage Corporation ("Freddie Mac"), under 42 U.S.C. § 1981 asserting that it did not hire him as a senior producer because of his race and that it terminated his employment in retaliation for filing an ethics complaint. Freddie Mac filed a counterclaim alleging that Billingsley failed to repay his signing bonus in accordance with Billingsley's agreement to repay the bonus if his employment was terminated for corrective action within the first year of his employment. Billingsley now appeals the district court's order granting Freddie Mac's motion for summary judgment on all claims. We affirm.

"We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens." 42 U.S.C. §1981(a). A plaintiff may ultimately prove

race discrimination under § 1981 through "direct or circumstantial evidence showing that an adverse employment action was [caused] by intentional discrimination aimed at the plaintiff's [race]," or through the "burden-shifting framework" of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (noting that *McDonnell Douglas* framework applies to both § 1981 and Title VII discrimination claims). Under this framework, a plaintiff alleging discrimination bears "the initial burden of proving his or her prima facie case by a preponderance of the evidence." *Abilt v. Cent. Intel. Agency*, 848 F.3d 305, 315 (4th Cir. 2017). If the plaintiff meets his prima facie burden, "[t]he burden then shifts to the employer to . . . provide some legitimate, nondiscriminatory reason for the adverse employment action." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016) (internal quotation marks omitted). If the employer satisfies this requirement, "the plaintiff resumes the burden of persuading the factfinder that the employer's proffered explanation is merely a pretext for discrimination." *Id.*

We have thoroughly reviewed the parties' briefs and the joint appendix and conclude that the district court did not err in finding that Billingsley failed to establish a prima facie case of racial discrimination or retaliation, and that, even if he had established a prima facie case, he did not show that a reasonable trier of fact could find that Freddie Mac's legitimate reasons for not hiring him as a senior producer and for terminating his employment were pretextual.

Lastly, in Virginia, a breach of contract claim requires (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of the

obligation, and (3) an injury or harm to the plaintiff caused by the defendant's breach. *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 48 (Va. 2006). Billingsley concedes that he and Freddie Mac had an enforceable contract requiring Billingsley to repay his $4000 sign-on bonus if Freddie Mac terminated his employment pursuant to its corrective action policy within the first year of Billingsley's employment. We conclude that the district court did not err in granting summary judgment to Freddie Mac on its breach-of-contract counterclaim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*